UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SUE MELANSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil No. 05-137-P-S |
| | ) | Crim. No. 04-73-P-S |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Procedural Order**

On January 18, 2005, this court sentenced Sue Melanson to imprisonment on bank fraud and mail theft charges.  She has now filed a document that she identifies as a Motion to Vacate pursuant to 28 U.S.C. § 2255.  Melanson has provided information under Ground One and Ground Two of the form petition.  There is no accompanying memorandum of law.  The sole facts supplied by Melanson are as follows:

> It is a hardship for me and my daughter.  My daughter has been using drugs, stealing, running away and dropped out of school since I have been incarcerated.
>
> She is out of control.  She won't listen to her father or my mother.  She says she wants me.  I need to get her back on the right track.  She is only 14.

Melanson is entitled to habeas relief from her federal conviction only "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack." 28 U.S.C. § 2255 ¶1.  Her factual statements do not support a petition under Section 2255.

If I issue a recommended decision dismissing this petition on its merits and the district court judge affirms that recommendation, Melanson will have forfeited her right to bring an initial motion to vacate and any later motion will become subject to the gatekeeping requirements that govern second or successive petitions.  That means that a second petition must be certified by a panel of the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 ¶ 8.  In order to avoid that consequence, I will give Melanson an opportunity to either amend or voluntarily dismiss the petition that is now pending before this court.  If I do not receive such an amendment or voluntary dismissal of this petition by August 19, 2005, Melanson is on notice that I will issue a decision recommending that the petition be summarily dismissed.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated July 20, 2005